IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LEE MARVIN SANDERS and MATTHEW SODROK, <br><br> Plaintiffs, <br><br> v. <br><br> THE BOEING COMPANY, KIDDE TECHNOLOGIES, INC., and JAMCO AMERICA, INC., <br><br> Defendants. | § § § § § § § § § § § § § § § § § <br><br> CIVIL ACTION NO. 4:21-cv-4042 |

## DEFENDANT THE BOEING COMPANY'S NOTICE OF REMOVAL

PLEASE TAKE NOTICE that defendant The Boeing Company ("Boeing"), through the undersigned counsel, hereby removes the state court action entitled *Lee Marvin Sanders and Matthew Sodrok v. The Boeing Company, Kidde Technologies, Inc., and Jamco America, Inc.*, Cause No. 2021-74036, currently pending in the 189th Judicial District Court of Harris County, Texas (the "State Court Action"), to the United States District Court for the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. The State Court Action is properly removable and this court has original jurisdiction because: (a) no plaintiff shares a state of citizenship with any defendant and thus there is complete diversity of citizenship; (b) the amount in controversy exceeds $75,000; and (c) all procedural requirements to effectuate removal have been met. As a short and plain statement of the grounds for removal, Boeing states the following:

1. On November 10, 2021, Plaintiffs filed their Original Petition in the State Court Action for personal injuries that they allegedly sustained from a smoke alarm, which Plaintiffs claim was excessively loud, while serving as flight attendants on a Boeing 737. *See* Exhibit A-1, Plaintiffs' Original Petition.

-1-

2. Plaintiffs' current suit is the third iteration of this case. Plaintiffs filed their original complaint on November 8, 2018 in this District, but then voluntarily dismissed it on November 27, 2018. *See Sanders v. The Boeing Company*, Dkt. Nos. 1 & 5, Civil Action No. 4:18-CV-04248. Next, Plaintiffs refiled their lawsuit in the United States District Court for the Northern District of Texas, Civil Action No. 3:18-CV-03165-X, Judge Brantley Starr, presiding, pursuant to the court's diversity jurisdiction. Plaintiffs amended the Northern District complaint several times, and ultimately brought the lawsuit against the same defendants and raising the same allegations as they do here. Judge Starr dismissed that action without prejudice due to Plaintiffs' failure to adequately plead the citizenship of the parties. That dismissal was affirmed by the Fifth Circuit on August 4, 2021 (Case No. 20-10882).

3. Plaintiffs have now filed this lawsuit, their third. Boeing received a copy of the Original Petition on December 7, 2021, from the Texas Secretary of State as part of Plaintiffs' invalid effort to serve Boeing. *See* Exhibit A-2, a letter from the Texas Secretary of State's service of process office to Boeing attaching the Citation and Plaintiff's Original Petition. Plaintiffs' attempt at service is invalid because they have improperly sought to employ substituted service on the Texas Secretary of State pursuant to Texas Civil Practice & Remedies Code § 17.044 despite: (a) Boeing maintaining a registered agent in Texas; (b) Plaintiffs making no attempt to serve that registered agent; and (c) Plaintiffs failing to make the allegations necessary to permit service via the Secretary of State (Ex. A-1, Original Petition, at 2). *See, e.g.*, Tex. Civ. Prac. & Rem. Code § 17.044; *MobileVision Imaging Servs., L.L.C. v. LifeCare Hosps. of N. Texas, L.P.*, 260 S.W.3d 561, 564 (Tex. App. 2008) (substituted service on Secretary of State not permitted where plaintiff failed to allege the defendant "does not maintain a regular place of business in this state" and "does not have a registered agent in Texas"); *Winn v. Di-Minno Hudson*, No. 01-89-01247-CV, 1990

WL 122119, at *4 (Tex. App. Aug. 23, 1990), *writ denied* (Feb. 6, 1991) ("While appellee's petition did allege that Regional is a foreign corporation and it does not have a registered agent in Texas, the petition failed to allege that Regional does not maintain a regular place of business in this state. Such an allegation is mandatory and cannot be implied.").

4. Boeing has not been properly served, so its time to respond to the Original Petition has not expired, and it has not pled, answered, or otherwise appeared in the State Court Action.

5. Defendants Kidde Technologies, Inc. and Jamco America, Inc. have consented to removal. *See* Declaration of John Hardin in Support of Defendant's Notice of Removal ("Hardin Decl."), Exs. A and B.

6. No motions or other proceedings are pending in the State Court Action.

7. Under 28 U.S.C. § 1446(a) and Local Civil Rule 81, copies of the following documents are attached to this Notice of Removal.

    a. **Exhibit A:** Index of matters being filed with Boeing's Notice of Removal and copies of each document filed in the State Court Action:

        i. **Exhibit A-1:** Certified copy of the Plaintiffs' Original Petition;

        ii. **Exhibit A-2:** A letter from the Texas Secretary of State's service of process office to Boeing attaching the Citation and Plaintiff's Original Petition;

        iii. **Exhibit A-3:** Certified copy of Plaintiffs' Request for Issuance of Service in the State Court Action;

        iv. **Exhibit A-4:** A copy of the Docket Sheet received from the clerk of the court in the State Court Action;[1]

        v. **Exhibit A-5:** List of Counsel of Record.

---

[1] Boeing received the docket sheet attached as Exhibit A-4 from the court clerk late afternoon on Friday, December 10, 2021. The docket sheet does not list the filings in the State Court Action. Boeing has asked the clerk for a docket sheet identifying the filings in the State Court Action and has been informed that an Order must be signed before filings appear on the docket sheet. If the clerk sends a different docket sheet, Boeing will update this Notice immediately.

92413589.4

8. Other than the matters attached to this Notice of Removal, Boeing has received no other process, pleadings, motions or orders in the State Court Action.

**I.   REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441**

9. A civil action brought in state court is removable if the district court has original jurisdiction over it. 28 U.S.C. § 1441(a). As set forth below, this Court has original jurisdiction based on diversity. 28 U.S.C. § 1332(a).

10. The district courts have original jurisdiction of all civil actions where the matter in controversy exceeds $75,000 and there is diversity between the plaintiffs, on the one hand, and the defendants, on the other. 28 U.S.C. § 1332(a). Both requirements are satisfied here.

**A.   The Amount in Controversy Exceeds The $75,000.00 Jurisdictional Minimum.**

11. The sum demanded in the initial pleading "shall be deemed to be the amount in controversy" for purposes of removal. 28 U.S.C. § 1446(c)(2). As is facially apparent from the Original Petition, Plaintiffs are seeking an amount exceeding the jurisdictional threshold of $75,000.00, exclusive of interests and costs. Ex. A-1 (Original Petition) at 2 ("Plaintiffs seek monetary relief of more than $1,000,000.00."); *see also Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015) (removing defendant may satisfy the amount-in-controversy requirement by showing amount is "facially apparent" from complaint).

**B.   There is Complete Diversity of Citizenship.**

12. Plaintiffs are both domiciled in and citizens of Texas. *See* Ex. A-1 (Original Petition) at 1; Hardin Decl., ¶ 5, Ex. C.

13. Each of the Defendants are corporations incorporated in states other than Texas and with principal places of business in states other than Texas, and therefore are citizens of states other than Texas. *See* 28 U.S.C. § 1332(c)(1). In particular:

  a. Boeing is a Delaware corporation with its principal place of business in Illinois. Thus, for diversity purposes, Boeing is a citizen of Delaware and Illinois. *See* 28 U.S.C. § 1332(c)(1).

  b. Defendant Kidde Technologies, Inc. ("Kidde"), is a Delaware corporation with its principal place of business in North Carolina. *See* Ex. A-1 (Original Petition) at 2 (alleging that Kidde is a "foreign" corporation with its headquarters in Wilson, North Carolina); Hardin Decl., Ex. C. Thus, for diversity purposes, Kidde is a citizen of Delaware and North Carolina. *See* 28 U.S.C. § 1332(c)(1).

  c. Defendant Jamco America, Inc. ("Jamco"), is a Washington corporation with its principal place of business in Washington. *See* Ex. A-1 (Original Petition) at 2 (alleging that Jamco is a Washington corporation that can be served in Washington); Hardin Decl., Ex. C. Thus, for diversity purposes, Jamco is a citizen of Washington. *See* 28 U.S.C. § 1332(c)(1).

14. Therefore, there is complete diversity among the parties. *See* 28 U.S.C. § 1332(c)(1).

15. In sum, removal is proper because there is complete diversity among the parties and the amount in controversy exceeds the jurisdictional minimum.

## II. BOEING HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

16. Boeing has not been properly served, so the deadline to remove has not yet started. *See, e.g.*, *Thompson v. Deutsche Bank Nat. Tr. Co.*, 775 F.3d 298, 303 (5th Cir. 2014) ("[A] defendant's right to removal runs from the date on which it is formally served with process.") (citing *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999)). As a result, Removal is timely under 28 U.S.C. § 1446(b)(1).[2]

17. The Houston Division of the United States District Court for the Southern District of Texas embraces Harris County, where the State Court Action is pending. 28 U.S.C. § 124(b).

---

[2] Even assuming that Plaintiffs' attempted service via the Secretary of State was proper and effective here, which it is not, the 30-day removal period would begin when Boeing "actually receive[d]" the pleadings, which in this case was December 7, 2020. *See, e.g.*, *Perio v. Titan Mar., LLC*, No. CIV.A. H-13-1754, 2013 WL 5563711, at *4 (S.D. Tex. Oct. 8, 2013).

Therefore, this action is properly removed to the Houston Division of the Southern District of Texas pursuant to 28 U.S.C. § 1441(a).

18. The other defendants consent to this removal. *See* Hardin Decl., Exs. A and B.

19. Pursuant to 28 U.S.C. § 1446(d), Boeing will promptly file a written notice of this removal and a copy of the Notice of Removal with the Clerk of the 189th Judicial District Court of Harris County. Boeing will also serve written notice of the filing of this Notice of Removal on counsel for the other parties, including Plaintiffs.

20. This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11.

21. By filing this Notice of Removal, Boeing does not waive any rights, privileges, or defenses available under federal or state law, including the right to move for dismissal of the complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure or to seek an order from this Court transferring this action to the Northern District of Texas, where this dispute was previously litigated before being dismissed without prejudice. *See, e.g.*, *U.S. Brass Corp. v. Am. Gas Furnace Co.*, No. CIV. 301CV0414-H, 2001 WL 1082416, at *1 (N.D. Tex. Aug. 29, 2001) ("As a general rule, a party does not waive any Rule 12(b) defenses by removing an action from state to federal court.") (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1395 (2d ed. 1990)). Nothing in this Notice of Removal should be taken as an admission that Plaintiffs' allegations are sufficient to state a claim or have any substantive merit.

### III.   CONCLUSION

For the reasons set forth above, this action is properly removed from the 189th Judicial District Court of Harris County to this Court.

92413589.4

Dated: December 13, 2021

Respectfully submitted,

*/s/ John R. Hardin*
John R. Hardin
State Bar No. 24012784
PERKINS COIE LLP
500 N. Akard Street, Suite 3300
Dallas, Texas 75201-3347
Tel.: 214.965.7700
Fax: 214.965.7799

*Attorney for The Boeing Company*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant's Notice of Removal has been sent by Certified Mail, Return Receipt Requested and Electronic Mail on December 13, 2021, to the following counsel of record:

Joshua P. Davis
Margaret Allbritton
Davis Law Group
1010 Lamar, Suite 200
Houston, TX 77002

*/s/ John R. Hardin*
John R. Hardin

92413589.4