United States District Court
Southern District of Texas
**ENTERED**
June 02, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LEE MARVIN SANDERS, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:21-CV-04042 |
| | § | |
| THE BOEING COMPANY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

## I.     INTRODUCTION

Pending before the Court is the defendants', The Boeing Company, Kiddie Technologies, Inc., and Jamco America, Inc., separate motions to dismiss and for judgment on the pleadings (Docket Entry Nos. 14, 17, 18).[1] The plaintiffs, Lee Marvin Sanders and Matthew Sodrok, filed a combined response in opposition to the defendants' motions (Docket Entry No. 21). After carefully considering the motions, the response, the pleadings, the record, and the applicable law, the Court determines that the defendants' motions to dismiss, and for judgment on the pleadings, should be **GRANTED**.

## II.     FACTUAL BACKGROUND

This case arises out of personal injury and breach of warranties claims between the plaintiffs and defendants. The plaintiffs are employed as flight attendants for United Airlines, Incorporated. On January 8, 2017, the plaintiffs were working a Boeing 737 aircraft flight from Denver, Colorado to Houston, Texas—flight number UA 1975. As the plane flew over Texas, the

---

[1] Boeing and Kiddie filed motions to dismiss. Jamco filed the motion for judgment on the pleadings.

rear lavatory's fire alarm sounded, despite the absence of smoke or fire. The alarm was so loud that it caused the plaintiffs to suffer bleeding ears and hearing loss. Kiddie and Jamco provided the parts and maintenance for the aircraft's fire detection/alarm system. Due to the plaintiffs' injuries, they jointly filed products liability, negligence, and breach of implied warranty claims against the defendants on three separate occasions.

On November 8, 2018, the plaintiffs filed suit against Boeing in the United States District Court for the Southern District of Texas. However, before serving the defendant with process, the plaintiffs voluntarily dismissed their claims on November 27, 2018. On November 29, 2018, the plaintiffs re-filed their suit against the defendants in the United States District Court for the Northern District of Texas. Although the plaintiffs amended their complaint twice, the court found that the amended complaints insufficiently alleged diversity jurisdiction, and it ordered the plaintiffs to cure the defect. After filing their third amended complaint, the court held that the newly amended complaint also failed to establish jurisdiction. According to the court, the plaintiffs did not properly allege their domicile, and they failed to assert the defendants' state of incorporation and principal place of business. Consequently, the court dismissed the case without prejudice for failing to properly allege diversity jurisdiction and for failing to comply with a court order pursuant to Federal Rules of Civil Procedure 12(h)(3) and 41(b).

On August 10, 2021, the plaintiffs filed a motion to reinstate their case citing that their failure to comply with the court's order and properly allege diversity jurisdiction was due to an inadvertent mistake. Nonetheless, the court denied the motion. Next, the plaintiffs appealed the trial court's decision to the Fifth Circuit Court of Appeals. On August 4, 2021, the Fifth Circuit affirmed the trial court's decision. The plaintiffs filed a petition for rehearing *en banc* but were denied.

On November 10, 2021, after the statute of limitations had run on their claims, the plaintiffs re-filed their suit against the defendants in the 189th District Court in Harris County, Texas. On December 13, 2021, Boeing removed the cause of action to this Court on diversity grounds pursuant to 28 U.S.C. § 1332. The defendants filed separate motions to dismiss and for judgment on the pleadings pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(c).

## III.   CONTENTIONS OF THE PARTIES

The defendants contend that, pursuant to Rules 12(b)(6) and/or 12(c), the plaintiffs' claims should be dismissed because they are time barred. Specifically, the defendants assert that Texas' jurisdiction savings statute, section 16.064 of the Texas Civil Practice and Remedies Code, does not apply to this case because the case was not filed in a "wrong venue," it was not dismissed for lack of jurisdiction, and the plaintiffs failed to re-file their suit within 60 days of the dismissal. Moreover, in Kiddie's motion, it also argues that the case should be dismissed because the Court lacks personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

In response, the plaintiffs contend that the Court should not dismiss their claims because pursuant to section 16.064, their suit is not time barred. According to the plaintiffs, the savings statute applies to this case because they pled diversity jurisdiction in good faith, they received a dismissal due to lack of jurisdiction, but re-filed the suit within 60 days after exhausting their appeal. Therefore, they argue, the statute applies to their claims, and tolls the statute of limitations.

The plaintiffs also assert that the Court has personal jurisdiction over Kiddie. In detail, the plaintiffs argue that the Court can exercise general and specific jurisdiction over Kiddie because it sells products in Texas stores, and it could reasonably foresee that its products may cause injury in Texas. In the alternative, the plaintiffs move for leave to effect fact specific discovery regarding Kiddie's personal jurisdiction challenge.

## IV.     STANDARD OF REVIEW

"A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (citing *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004)). Federal Rule of Civil Procedure 12(b)(6) requires that a plaintiff plead facts sufficient to state a plausible cause of action. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). If a defendant believes a complaint is insufficient, he may move to dismiss an action for failure to state a claim on which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Even so, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). When considering a 12(b)(6) motion to dismiss, the Court's task is limited to deciding whether the plaintiff is entitled to offer evidence in support of her claims, not whether the plaintiff will eventually prevail. *See Twombly*, 550 U.S. at 563 n.8 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)); *see also Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).

## V.    ANALYSIS & DISCUSSION

When a cause of action is dismissed and later refiled, the statute of limitations will continue to run unless a plaintiff is able to exercise a tolling exception. *See, e.g., Valencia v. McLendon*, No. 14-18-00122-CV, 2019 WL6913429, at *3–5 (Tex. App.—Houston [14th Dist.] Dec. 19, 2019, no pet.). Under section 16.064, "[t]he period between the date of filing an action in a trial court and the date of a second filing of the same action in a different court suspends the running of the applicable statute of limitations for the period if:" (1) the initial court dismissed the action due to a lack of jurisdiction; and (2) the case was re-filed in a court with proper jurisdiction no later than 60 days after the initial court's dismissal became final. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.064(a) (West 2015). Although this provision should be interpreted liberally, "its reach is not limitless." *See, e.g., Clary Corp. v. Smith*, 949 S.W.2d 452, 461 (Tex. App.—Fort Worth 1997, pet. denied). Moreover, "[t]he plain language of section 16.064 indicates that it is meant to apply only where the plaintiff's suit was filed in the 'wrong court.'" *Agenbroad v. McEntire*, 595 F. App'x 383, 387 (5th Cir. 2014).

The record establishes that the Northern District of Texas was not deemed a "wrong court" pursuant to the requirements of section 16.064. Hence, the court's dismissal order had no bearing on where the case was filed. As evinced in the plaintiffs' motion requesting the court to reinstate their claims, the plaintiffs admitted their error was that they "inadvertently and mistakenly failed" to comply with the court's order, not that they filed their case in the wrong court. Because the plaintiffs' error is not protected under section 16.064, the statute does not save their claims. *See id.* at 388 ("[B]ecause the plaintiff could have amended his pleadings to come within the court's jurisdiction, 'the party would not be in the wrong court and would not suffer the penalty of

limitation bar that section 16.064 is designed to protect against.'" (quoting *Clary Corp.,* 949 S.W.2d at 461)).

## VI.   CONCLUSION

Based on the foregoing analysis and discussion, the defendants' motions are **GRANTED**.[2] The plaintiffs' case is dismissed with prejudice.

It is so **ORDERED**.

SIGNED on June 1, 2022, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge

---

[2] In light of the Court's decision, it need not address personal jurisdiction.